W. JONES, J.
dissenting in part.
I respectfully dissent only from that portion of the Court’s Opinion affirming the award of attorney fees to Griffiths on a contingency fee basis on remand of Griffith I. Although there might be circumstances under which it would be appropriate for counsel to change the fee agreement from an hourly to contingency fee basis and therefore change the basis for an attorney fee claim to the court, in my opinion under the circumstances of this case the change defies logic and is totally unfair to Clear Lakes.
As recognized by the majority, at the conclusion of the trial in this case, the district court awarded Griffiths what it determined to be a reasonable attorney fee as the prevailing party at trial. Presumably by awarding such fee, the court and the Griffiths were satisfied that the fee was reasonable and appropriate. The award was for $98,792.00 which was the full amount requested by Griffiths. The case was then appealed to this Court (Griffith I) and the case was then remanded to the district court for determination of additional damages incurred during the fifth and sixth years of the contract between the parties. Virtually all of the work establishing the claim for those additional damages had already been done by Griffiths’ counsel, since such damages were claimed in the trial. The district court simply did not award those damages because it felt damages for those years was speculative. This Court disagreed and told the district court to determine the amount of damages for those years.
Very little remained to be done by Griffiths’ counsel on remand. Indeed, the record reflects Griffiths’ counsel spent only 38 hours additional work and the district court followed this Court’s instruction and computed damages for years five and six and awarded an additional $266,294.24 for those years and then awarded the Griffiths an additional $66,573.56 in attorney fees based on a contingency fee agreement of 25 percent. In doing so, the district court granted Griffiths a double recovery of attorney fees since the court had already compensated Griffiths’ counsel at the end of the trial for the same work used by the court in calculating the additional damages. Indeed, the court awarded Griffiths’ counsel nearly two-thirds of the total amount awarded for the entire first trial for only 38 hours additional work on remand. Such a result is unconscionable. When the case was remanded for the additional calculation for years five and six, there really was no “contingency” left. Liability had been established and it was simply a matter of recalculation of damages by the court for years five and six based largely on the work that had already been done and paid for at the close of the first trial. Griffiths’ counsel was at no risk or “contingency” on remand, *625 which is the usual justification for contingency fees.
I can understand and agree with the reasoning of the majority that this Court should not compartmentalize sections of the case in awarding fees, but rather should look at the overall picture to determine whether a prevailing party has been fairly and reasonably compensated for attorney fees. In awarding the additional fees on remand, the district court states that “[V]iewing the case as a whole, the final steps in this case were merely the capstone of years of effort on the Griffiths’ part to redress their grievances.” That statement may be true, but it is equally true that the Griffiths requested what they represented to the district court to be a claim for reasonable fees at the close of the trial and the court awarded the full amount of those fees presumably believing that it had awarded the Griffiths reasonable attorney fees making them “whole” up to that point in time. Under those circumstances, it seems outrageous to then tack on after remand additional fees of nearly two-thirds the amount of the original fees when virtually no new work was done and the court simply calculated additional damages based on work which had already been done and paid for at the end of the trial.
This case has now been remanded again for calculation of perhaps additional damages, still based on the record in existence at the end of the trial, and one can only imagine whether more attorney fees calculated on a “contingency” agreement will again be tacked on. Such a result seems patently unfair if not unconscionable.